**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **CHONTAYVIA KENNEDY** ) | **CIVIL ACTION NO.** |
|    **Plaintiff** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **ELITE AUTO RENTALS, LLC d/b/a** ) | |
| **ACE RENT A CAR and LTO** ) | |
| **HOLDINGS, LLC** ) | |
|    **Defendants** ) | **APRIL 5, 2021** |
| ) | |

## COMPLAINT

### I. INTRODUCTION

1.    This is an action brought against an automobile dealership for violation of the Consumer Leasing Act ("CLA"), 15 U.S.C. §§ 1667 *et seq*.  Plaintiff also asserts pendent state law claims for violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq*.

### II. PARTIES

1.    Plaintiff, Chontayvia Kennedy ("Kennedy" or "Plaintiff"), is a natural person residing in Bridgeport, Connecticut.

2.    Defendant Elite Auto Rentals, LLC d/b/a Ace Rent A Car ("Ace") is a Connecticut limited liability company located in Berlin, Connecticut.

3.    Defendant LTO Holdings, LLC ("LTO"), is a Connecticut limited liability company located in Berlin, Connecticut.

4.    Ace and LTO are both registered with the Connecticut Secretary of State as having a business address of 93B Deming Road, Berlin, Connecticut, and they have

1

common ownership, control, employees and management.  Ace and LTO are collectively, the "Defendants".

5.      The Defendants operate in concert a business whereby they promote a "lease to own" program whereby consumers enter into leases for motor vehicles pursuant to which the consumers may purchase the vehicles.

6.      The Defendants have failed to register with the Connecticut Department of Motor Vehicles as a licensed car dealership even though it sells motor vehicles to the public pursuant to its "Lease to Own" program.

### III.  JURISDICTION

7.      Jurisdiction in this court is proper pursuant to 28 U.S.C. §§ 1331, 15 U.S.C. § 1640(e), and 28 U.S.C. § 1367.

8.      This Court has jurisdiction over the defendants because they are located in Connecticut and organized under Connecticut law.

9.      Venue in this Court is proper because Plaintiff resides in this state and the transaction alleged occurred in this state.

### IV.  FACTUAL ALLEGATIONS

10.      Prior to September 29, 2020, Kennedy was interested in purchasing a vehicle, and, after seeing postings on Facebook by Trent Butler ("Butler") advertising the sale of motor vehicles, she contacted Butler.

11.      On or about September 19, 2020, Kennedy visited Ace and she met with Butler.

12.      Kennedy was interested in a 2020 Land Rover Discovery (the "Vehicle").

13.     Butler told Kennedy that she could lease the Vehicle for twelve months and at the end of the lease term, she could either return the car to Defendants, purchase the car from Defendants, or bring the car to any third-party dealership and trade it in.

14.     Kennedy agreed to lease the Vehicle with an option to own it at the end of the lease term, and she paid Defendants a deposit of $3,500.

15.     Defendants prepared a "Rental Agreement" that provided for a return of the Vehicle on September 20, 2021.

16.     Defendants also provided Kennedy with a document that contained the "LEASE TO OWN TERMS" (the "Lease to Own Agreement") that provided for a down payment of $3,500, and weekly payments of $249 starting September 25, 2020.

17.     The Lease to Own Agreement failed to provide any of the information required by Conn. Gen. Stat. § 42-241 including a brief description of the rented property, whether the property was new or used, the cash price of the rented property, the total number of payments, the difference between the cash price and the rent-to-own price, the amount of all charges, individually itemized, payable by the lessee to the lessor which are not included in the renewal payments, a statement that the lessee has the option to purchase the rented property during the term of the rent-to-own agreement, a statement of the conditions for termination of the agreement, or a statement that the agreement may be cancelled by the lessee without penalty at any time.

18.     The Lease Agreement did not include the disclosures required under the CLA, 15 U.S.C. § 1667a and Reg. M § 213.4 including a description of the leased

property and disclosures of the amount due at lease signing, the number, amount and

due dates of payments under the lease, and the capitalized cost reduction, the adjusted

capital, the residual value, or an early termination notice.

19.     Defendants registered the Vehicle to Elite Auto Rentals LLC.

20.     Defendants told Kennedy she could return the Vehicle at any time, but she

would be responsible for payment of a rental fee plus $500.00.

21.     Kennedy returned to Ace the next day to return the Vehicle and cancel the

lease, but it refused to refund any portion of Kennedy's down payment.

22.     Plaintiff returned the Vehicle to Defendants, and on October 20, 2020,

Plaintiff, through counsel, notified Ace that she elected to rescind the transaction due to

Defendants' CLA and CUTPA violations, and she demanded a return of the amounts

she had paid for the Vehicle.

23.     Defendants have failed to return any amounts to Plaintiff.

## V.  CAUSES OF ACTION

### A.  CONSUMER LEASING ACT

24.     Defendants regularly engage in the leasing of motor vehicles to

consumers and, on information and belief, have entered into more than 50 such

transactions in the past year, and they are subject to the CLA.

25.     Defendants violated the CLA by failing to include the disclosures required

by the Act.

26.     Defendants further violated the CLA, Reg. M § 213.3(a)(3) and 15 U.S.C. § 1667a, by its failure to provide Kennedy with a copy of the required disclosures prior to consummation of the transaction.

27.     Plaintiff is entitled to an order permitting the rescission of the Contract, and a return of her deposit and the amounts paid.

28.     Defendants are liable to Plaintiff for her damages, statutory damages of $2,000, and a reasonable attorney's fee pursuant to 15 U.S.C. § 1640.

**B.  CONNECTICUT UNFAIR TRADE PRACTICES ACT**

29.     Defendants' conduct, as aforesaid, was deceptive and unfair and in violation of the Connecticut Unfair Trade Practices Act, as follows:

     a.  Its violations of the CLA;

     b.  Its false representation that Kennedy would be able to trade in the Vehicle to a third-party dealership; and

     c.  Its operation as a car dealership without registering with the CT DMV.

     d.  Its failure to provide the information required by Conn. Gen. Stat. § 42-241 in the contract documents.

30.     Plaintiff has suffered an ascertainable loss of money and property as a consequence of Defendants' conduct.  Specifically, she lost her $3,500 payment.

31.     Plaintiff is entitled to a rescission of the transaction.

32.     For Defendants' violations of CUTPA, Plaintiff is entitled to damages plus punitive damages and a reasonable attorney's fee.

Wherefore, Plaintiff claims actual damages, statutory damages of $2,000, punitive damages pursuant to CUTPA, attorney's fees and costs, and an order rescinding the transaction and a refund of all payments made thereunder.

PLAINTIFF, CHONTAYVIA KENNEDY

By: /s/ *Daniel S. Blinn*
    Daniel S. Blinn (ct02188)
    dblinn@consumerlawgroup.com
    Consumer Law Group, LLC
    35 Cold Spring Rd. Suite 512
    Rocky Hill, CT  06067
    Tel. (860) 571-0408
    Fax (860) 571-7457